# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDWIN ALICEA,**

       Plaintiff,

                  **Case No. 03-C-1237**

  -vs-

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

       Defendant.

## DECISION AND ORDER

The plaintiff, Edwin Alicea ("Alicea"), requests judicial review of the Commissioner of Social Security's final determination denying his application for supplemental security income ("SSI") under the Social Security Act. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Alicea had the residual functional capacity ("RFC") to perform a significant number of jobs in the national economy. Tr. 18. Accordingly, the ALJ found that Alicea was not disabled under the Act.

The Social Security Act limits the scope of judicial review of the Commissioner's final determination, and provides that the findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). A court may reverse the Commissioner when the ALJ's decision is not

supported by substantial evidence or is based on legal error. *See Eads v. Secretary of Dep't of Health and Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).

Alicea was born on January 21, 1949. He alleges disability due to back pain, depression, hepatitis, substance abuse, shortness of breath, and personality disorder. Alicea's highest level of formal education was seventh grade.

Alicea alleges that the ALJ erred in several respects. First, he argues that the ALJ erred by failing to give appropriate weight to the opinion of his treating physician. Alicea does not, though, identify the opinion to which his argument refers, let alone explain why the unidentified opinion was entitled weight.

The Court presumes that he is referring to the opinion of Dr. Silva. Dr. Silva opined that Alicea was extremely limited in his activities of daily living, social functioning and ability to maintain concentration, persistence or pace. However, the ALJ gave little weight to Dr. Silva's opinion because Dr. Silva did not provide any supporting evidence. Tr. 15, 176-77. As the ALJ observed, Dr. Silva offered no explanation for his opinion, which was unsupported by mental status examination findings, treatment notes or any other record evidence. *Id*.

Moreover, Dr. Silva's opinion was inconsistent with the opinion of a state agency expert who examined Alicea. Psychologist Joan Nuttal, Ph.D, observed that Alicea was adequately groomed and displayed excellent hygiene. Tr. 188. According to Dr. Nuttal, Alicea appeared anxious, but generally was pleasant, displayed no language problems or evidence of a thought disorder. *Id*. Alicea was oriented, identified the current and past presidents, could spell "world" forward and backward, and performed simple calculations correctly. Tr. 191-92.

-2-

Case 2:03-cv-01237-RTR   Filed 12/20/07   Page 2 of 6   Document 26

Alicea also remembered two out of three instructions when performing a three-step task. Tr. 191.

Dr. Nuttal concluded that it "is not at all clear how depressed [Alicea] really is as opposed to a fairly manipulative individual who has managed to find a niche where he can be taken care of and it is not at all clear how much alcohol he is really consuming currently." Tr. 192. In addition, Dr. Nuttal "wonder[ed] if there is not also drug use going on." *Id*. He ruled out "depressive disorder NOS" and a "personality disorder." *Id*. Dr. Nuttal also commented that he "does not know exactly how deep the depression really is as opposed to a mood disorder that might be imposed by drugs or alcohol or simply an apathy that is imposed by the use of substances." *Id*.

Alicea nevertheless argues that the ALJ failed to comply with SSR 96-2p, which provides that the opinions of treating sources are entitled to deference and weighed using the factors listed in 20 C.F.R. § 404.1527. However, the ALJ is not required to articulate a finding with respect to all of the listed factors. Rather, the ALJ's decision must only contain "specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. As described above, the ALJ complied with SSR 96-2p by explaining exactly why he did not give Dr. Silva's opinion weight over the opinion of the examining agency expert.

-3-

Alicea also takes issue with the ALJ's assessment of his credibility, but he does not explain specifically what credibility determinations he challenges. It does not matter, though, because the ALJ offered several persuasive reasons for finding Alicea less than fully credible. Tr. 18-19. For example, the ALJ pointed out that Alicea's allegation of disabling back pain was inconsistent with the objective medical evidence, which documented entirely normal findings on repeated occasions. Tr. 15-17. The ALJ's credibility determination is entitled to deference and will not be overturned. *See Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir. 2003); *see also Shramek*, 226 F.3d at 811 ("We afford an ALJ's credibility determination special deference because the ALJ is in the best position to see and hear the witness and determine credibility").

Alicea's third contention is that the ALJ committed reversible error by finding that he did not have a presumptively disabling mental impairment. Alicea claims that his mental impairment met the criteria outlined in Listing 12.04, but he failed to address the specific requirements of the listing, let alone cite any record evidence in support of his claim that his mental impairment satisfied the listing. Nevertheless, the Court will consider whether the ALJ's finding was supported by substantial evidence.

Listing 12.04 requires, among other criteria, that the depression result in at least two of the following: (1) marked restriction in activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation. *See* 20 C.F.R. Pt. 404, Subpt.

P, App. 1, § 12.04(B). The ALJ concluded that Alicea was only mildly to moderately limited in these four areas, which is supported by substantial evidence.

For instance, Dr. Spear and Dr. Albertsen, both of whom are psychologists who reviewed the record evidence in 2001 and 2002, concluded that Alicea's depression did not cause marked restriction in any of the listed criteria. Tr. 198, 208. Also, the ALJ noted that Alicea's activities were limited, but not to the extent suggested by Alicea. Tr. 16-17. While Alicea did little help around the house and spent most of his time watching television, the record shows that he completed an education workshop in 2001, that he independently traveled a distance of three miles to get home from appointments, and that he managed to live independently "on the street" when his brother wanted privacy at home. Tr. 16-17, 37, 44, 58, 61, 65, 67. In addition, as mentioned above, Dr. Nuttall described Alicea as pleasant and cooperative, and that he engaged in some degree of social interaction. Tr. 37-38, 188. Accordingly, the ALJ's determination was supported by substantial evidence.

Alicea additionally argues, though, that the ALJ should have called a medical expert to determine whether his impairments met the listed criteria, and that not so doing contravened 20 C.F.R. § 416.912. Alicea is wrong. Section 416.912 requires that the Social Security Administration (SSA) develop a complete medical history for at least the 12 preceding months and ask the claimant to attend a consultative examination when information is not available from the claimant's own medical sources. The SSA fulfilled those requirements in this case.

Next, Alicea alleges that the ALJ failed to reference all of the vocational expert's testimony in his decision. Specifically, the vocational expert at one point said that no jobs

-5-

could be performed by someone with "extreme difficulty" maintaining concentration, persistence, or pace. Tr. 72. However, the ALJ found that Alicea did not have "extreme difficulty" in performing those functions, but rather was only moderately limited, which allowed him to do simple, routine, and repetitive work. Tr. 17. The vocational expert's opinion, therefore, that there were no jobs for those who had "extreme difficulty" maintaining concentration, persistence, or pace was not applicable to Alicea's situation and quite reasonably was omitted from the ALJ's opinion.

Finally, Alicea argues that the ALJ should have found him disabled based on Rule 201.09 of the medical-vocational guidelines (the "Grid"). Rule 201.09 directs a finding of disabled for an individual of Alicea's age, education and work experience if the claimant's maximum RFC is limited to sedentary work. *See* 20 C.F.R. pt. 404, Subpt. P, App. 2, Rule 201.09. The ALJ concluded that Alicea's RFC was not limited to sedentary work, so the Grid was not applicable.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The ALJ's Decision is **AFFIRMED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**